## Affidavit in Support of Criminal Complaint

I, Bruno Ricardo, being duly sworn, depose and state:

## Introduction

1. I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), San Juan, Puerto Rico and have been so employed since 2023. I am an investigative law enforcement officer of the United States who is empowered to conduct investigations of and to make arrests for offenses enumerated in Title 8, 18, 19, 21 and 31, United States Code, Section 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearms violations, and other related offenses.

2. I have attended the Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I was trained in conducting investigations related to the smuggling and unlawful distribution of controlled substances and firearms; such investigations are generally related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (U.S.C.).

3. Prior to my appointment as a Special Agent, I was employed as a United States Customs and Border Protection (CBP) Officer and was assigned as a sworn law enforcement officer to the San Francisco Port of Entry Area of Operations for approximately 11 months. During my tenure as a CBP Officer, I have completed approximately 712 hours of instruction at the FLETC. During my training I received instruction on conducting drug interdictions, identifying fraudulent travel documents, interviewing techniques, identifying signs of

1

        deception, basic law enforcement skills, anti-terrorism, immigration law, trade law, and search procedures.

4. Prior to my tenure as a CBP Officer, I was employed by the U.S. Federal Bureau of Prisons (FBOP) for seven years where I served in a variety of positions. These positions included Correctional Officer, Receiving & Discharge Officer, Legal Mail Officer, Records Officer, and Acting Activities Lieutenant.

5. Prior to my employment with the FBOP I served in the U.S. Army for six years both as an infantry team leader and a Military Intelligence HUMINT (i.e., human intelligence) collector. As a HUMINT collector I have experience and training conducting interviews, interrogations and running sources.

6. I am presently assigned to the HSI San Juan, Airport Investigations and Tactical Team (AirTAT). The AirTAT investigates international drug trafficking and money laundering organizations that utilize the aviation domain to smuggle narcotics and currency into and through the United States.

7. The information contained in this affidavit is based on my personal knowledge and observations during the course of this investigation, information conveyed to me by other law enforcement officials, and my review of records, documents, and other physical evidence obtained during this investigation. This affidavit is not intended to include every fact observed by me or known by the government. This affidavit is submitted for the limited purpose of establishing probable to believe that Ashley Nicole COLON- GIL DE RUBIO committed violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (possession with intent to distribute a mixture or substance containing five kilograms or more of cocaine).

## Facts in Support of Probable Cause

8. On February 13, 2024, at approximately 4:00 AM, Homeland Security Investigations (HSI), Airport Investigations and Tactical Team (AirTAT) Task Force Officers (TFOs) at Luis Munoz Marin International Airport (LMMIA) became aware of camera footage of Ashley Nicole COLON-GIL DE RUBIO ("COLON-GIL DE RUBIO") entering the airport. TFO's noted that in the footage she was seen entering the JetBlue Terminal and walking to terminal 3 on the other side of the airport by-passing all US Department of Agriculture inspection areas without getting her luggage checked. COLON-GIL DE RUBIO was traveling with a small purse and a large black cloth bag with three red trim stripes on the front. (black and red bag)

   At approximately 4:22 AM, TFOs' along with a Puerto Rico Police Bureau K9 Handler and a drug-detecting K-9 found a large black cloth bag with three red trim stripes that appeared the same as COLON-GIL DE RUBIO's check in luggage in the baggage loading area.

   The K-9 alerted positive to the presence of controlled substances inside the black and red bag; this suitcase contained a Frontier Airlines tag reflecting a final flight destination of Philadelphia, PA. The tag bore the name of "COLONGILDERU/A" and flight number 1225.

9. HSI TFOs secured the black and red bag and brought it to Terminal C, where they identified COLON-GIL DE RUBIO at Gate C8. The HSI TFOs escorted COLON-GIL DE RUBIO to the suitcase and asked her if the suitcase belonged to her; she replied yes.

3

10. The HSI TFOs then requested authorization to open the suitcase from COLON-GIL DE RUBIO, after which point COLON-GIL DE RUBIO verbally consented. COLON-GIL DE RUBIO subsequently attempted to open the suitcase and was unable to. COLON-GIL DE RUBIO asked one of the TFO's to assist her in opening the bag. Inside, HSI TFOs observed a brick-shaped object in clear plastic wrapping. Based on my training and experience, the brick-shaped object was consistent with the packaging of unlawfully concealed controlled substances.

11. COLON-GIL DE RUBIO was escorted to the AirTAT detention holding area for further investigation and inspection. Within the black and red bag, a total of six rectangular shaped bricks in clear plastic wrap were found with an approximate weight of 6.8 kilograms.

12. A sampling of the contents of the bricks was field-tested, yielding a positive result to cocaine, a Schedule II controlled substance.

13. HSI agents advised COLON-GIL DE RUBIO of her Miranda rights, she agreed to be interviewed and signed a Miranda waiver at 5:30 AM. During the interview COLON-GIL DE RUBIO admitted that she knew there were drugs in the bag and that she would be paid $2000 for delivering them to Philadelphia, PA.

**INTENTIONALLY LEFT BLANK
CONTINUES ON NEXT PAGE**

## CONCLUSION

14. Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause exists to believe that Ashley Nicole COLON- GIL DE RUBIO violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (possession with intent to distribute a mixture or substance containing five kilograms or more of cocaine).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Special Agent Bruno Ricardo
United States Department of Homeland Security
Immigration and Customs Enforcement
Homeland Security Investigations

Sworn by telephone on February 13, 2024 at 11:30 a.m. in accordance with the requirements of Fed. R. Crim. P. 4.1 in San Juan, Puerto Rico.

Hon. Bruce J. McGiverin

Hon. Bruce McGiverin
United States Magistrate Judge